# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Terry D. Sexton, ) | |
| ) | Civil Action No.: 3:18-cv-00909-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Farm Bureau Mutual ) | |
| Insurance Company, Southern Farm Bureau ) | |
| Casualty Insurance Company, Southern ) | |
| Farm Bureau Life Insurance Company, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation filed on November 9, 2018. (ECF No. 18.) Within the Report, the Magistrate Judge recommends that the court grant Defendants South Carolina Farm Bureau Mutual Insurance Company, Southern Farm Bureau Casualty Insurance Company, and Southern Farm Bureau Life Insurance Company's (collectively, "Defendants") Motion for Partial Dismissal on the Pleadings (ECF No. 14), which specifically concerns Plaintiff Terry D. Sexton's ("Plaintiff") first cause of action under Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, and second cause of action for breach of contract arising under the laws of South Carolina. (*Id.* at 3.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 18) and **GRANTS** Defendants' Motion for Partial Dismissal on the Pleadings (ECF No. 14) as to Plaintiff's first and second causes of action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court adopts herein without a full recitation. (ECF No. 18 at 1–3.) As background, Plaintiff was first employed by

Defendants in 1985 as an agent and eventually became an Agency Manager in 2002. (ECF No. 1-1 at 6 ¶ 5.) Purportedly, Plaintiff "was never reprimanded or written up and consistently met or exceeded his expectations not only in sales, but also as a manager . . . ." (*Id.* at 6 ¶ 6.) In March 2014, Plaintiff attended a meeting with representatives of Defendants and was "told that he had a 'bad attitude,' that his County Board 'did not trust him' and that Defendants took issue to the fact that he did not live in Pickens County . . . ."(*Id.* at 6 ¶ 7.) After the meeting, Plaintiff agreed to move to Pickens County "to appease Defendants." (*Id.*) On January 8, 2016, Plaintiff's employment was terminated, and Plaintiff contends that Defendants only stated, regarding his termination, that "we are going in a different direction." (*Id.* at 7 ¶ 9.) In addition to the termination, Plaintiff claims that Defendants "promised" that its employees would be treated as "independent contractors" and retain "the rewards that come with business ownership." (*Id.* at 7 ¶ 10.) Plaintiff submits that Defendant "as a result of misclassification and improper characterization of its [a]gent-employees as 'independent contractors,' [Defendants] fail[ed] to provide its [employees] the same retirement, health, and other benefits it provides to all its other regular employees pursuant to several employee benefit pension and welfare plains and [they] unjustly enrich[] [themselves] by avoiding the business costs of extending said benefits to its [a]gent-employees." (*Id.* at 8 ¶ 15.)

On February 12, 2018, Plaintiff filed his Complaint in the Richland County Court of Common Pleas. (ECF No. 1-1 at 5–11.) Within his Complaint, Plaintiff brings claims for violations of the ADEA, Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654, and breach of contract under the common law of South Carolina. (*Id.* at 8–11.) Plaintiff seeks compensatory damages, reasonable attorney's fees and costs, lost wages, liquidated damages, and other lost benefits. (*Id.*) On April 4, 2018, Defendants removed Plaintiff's action to the United States District

Court for the District of South Carolina, invoking the court's jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1441. (ECF No. 1.)

Defendants filed their Motion for Partial Dismissal on the Pleadings on September 18, 2018. (ECF No. 14.) Within their Motion, Defendants first assert that Plaintiff's ADEA claim is untimely. (ECF No. 14-1 at 4–5.) Second, Defendants argue that Plaintiff's contract claim fails because "an employment contract cannot be founded upon a contract for at-will employment." (*Id.* at 5–6.) For those reasons, Defendants request the court to dismiss Plaintiff's first and second causes of action. (*Id.* at 6.) Plaintiff did not respond to Defendants' Motion, and nor did Plaintiff respond to an order from the Magistrate Judge specifically ordering him to advise the court as to whether he wishes to retain his first and second causes of action against Defendants. (ECF Nos. 16, 18.)

The Magistrate Judge filed her Report on November 9, 2018. (ECF No. 18.) Within the Report, the Magistrate Judge recommends that the court grant Defendants' Motion for Partial Dismissal on the Pleadings (ECF No. 14) as it relates to Plaintiff's first and second causes of action. (*Id.* at 3.) Specifically, the Magistrate Judge reasons that Plaintiff "has filed no opposition to [D]efendants' [M]otion for [Partial Dismissal] on the [P]leadings, despite a warning from the court that failure to do so may result in these claims being decided on the record . . . or dismissed with prejudice for failure to prosecute." (*Id.* at 2–3.) In addition, the Magistrate Judge informed the parties of their right to file specific, written objections to the Report and the consequences of failing to file specific objections. (*Id.* at 4.) To date, neither party has filed any objection to the Magistrate Judge's Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local

3

Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 18.) Because no specific objections were filed by either party and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After careful consideration of the Magistrate Judge's Report and the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and **GRANTS** Defendants' Motion for Partial Dismissal on the Pleadings (ECF No. 14) as to Plaintiff's first and second causes of action.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 16, 2019
Columbia, South Carolina